**IN THE COURT OF APPEALS OF IOWA**

No. 15-0531
Filed August 5, 2015

**IN THE INTEREST OF K.R. and H.L.,**
**Minor Children,**

**K.L., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Poweshiek County, Rose Anne Mefford, District Associate Judge.

A mother appeals a dispositional order prohibiting her from having contact with her children. **AFFIRMED.**

Samuel E. Charnetski of Charnetski, Lacina & Clower, L.L.P., Grinnell, for appellant mother.

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, and Rebecca Petig, County Attorney, for appellee State.

Misty D. White-Reinier, Grinnell, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, P.J.**

A mother of two children, born in 2000 and 2002, appeals a district court dispositional order prohibiting her from having contact with the children.[1]  She contends the State failed to prove the order was justified or in the children's best interests.  On our de novo review, we disagree.

The children were placed in a guardianship with their maternal grandmother following a child-in-need-of-assistance action that closed in April 2014.  The children's mother and maternal uncle also lived in the home.

Six months later, the Iowa Department of Human Services investigated allegations of sexual contact between the maternal uncle and one of the children.  The department sought temporary removal of the children.  The district court granted the application and the children were placed in foster care.  They were subsequently adjudicated in need of assistance.

The department afforded the mother supervised visits with the children.  During those visits, the mother gave the children sexually inappropriate letters and notes from their uncle, as well as other gifts and a cell phone—suspected to have come from the uncle.

The children's guardian ad litem filed an emergency motion to stop visits and a motion to limit visitation.  The district court granted the emergency motion pending a hearing and ordered the mother to have "[n]o [c]ontact whatsoever with the minor children . . . pending further order of the court."  Following a

---

[1] The mother lists the date of the order as February 3, 2015, but the order is actually dated March 3, 2015.

hearing, the juvenile court prohibited contact between the mother and the children.[2]

The district court's ruling is fully supported by the record. The grandmother essentially abdicated her responsibilities as guardian and relegated those responsibilities to the mother. The mother, in turn, refused to protect the children from the claimed abuser and, indeed, took steps to facilitate the relationship. She also turned the children against their foster parents.

Significantly, a department employee testified the department was not obligated to furnish the mother any visitation. The mother's abuse of this opportunity warranted curtailment of the visits and of any contact with the children. *See In re D.P.*, No. 09-0237, 2009 WL 929552, at *1 (Iowa Ct. App. Apr. 8, 2009); *In re J.O.*, No. 99-1016, 2000 WL 18862, at *2 (Iowa Ct. App. Jan. 12, 2000).

We affirm the juvenile court's no contact order between the mother and children.

**AFFIRMED.**

---

[2] The court did not limit the grandmother's visitation with the children.